# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

------------------------------------------------------------------X
:
CITY OF ROSEVILLE EMPLOYEES'  :
RETIREMENT SYSTEM, on Behalf of Itself  :
and All Others Similarly Situated,  :   No. 1:09-cv-00367-ML-LDA
:
         Plaintiff,  :
:
  vs.  :
:   **Filed Electronically**
TEXTRON INC., LEWIS B. CAMPBELL,  :
and TED R. FRENCH,  :
:
         Defendants.  :
:
------------------------------------------------------------------X

### THE OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S NOTICE OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law and the Declaration of Raymond A. Marcaccio, the Oklahoma Firefighters Pension and Retirement System hereby moves this Court, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3), for an order: (i) appointing the Oklahoma Firefighters Pension and Retirement System as lead plaintiff; and (ii) appointing Abraham, Fruchter & Twersky, LLP as lead counsel, and for such other relief as the Court may deem just and proper.

Dated: October 13, 2009

OLIVERIO & MARCACCIO, LLP


   /s/ Raymond A. Marcaccio
Raymond A. Marcaccio, Esquire #3569
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
Tel: (401) 861-2900
Fax: (401) 861-2922
ram@om-rilaw.com


**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky
Lawrence D. Levit
Ximena R. Skovron
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
-----------------------------------------------------------------X
                                                                 :
CITY OF ROSEVILLE EMPLOYEES'                                     :
RETIREMENT SYSTEM, on Behalf of Itself                           :
and All Others Similarly Situated,                               :   No. 1:09-cv-00367-ML-LDA
                                                                 :
            Plaintiff,                                           :
                                                                 :
    vs.                                                          :
                                                                 :   Filed Electronically
TEXTRON INC., LEWIS B. CAMPBELL,                                 :
and TED R. FRENCH,                                               :
                                                                 :
            Defendants.                                          :
                                                                 :
-----------------------------------------------------------------X
```

**MEMORANDUM IN SUPPORT OF THE OKLAHOMA
FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
FOR APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**PAGE(S)**

Summary of Action ............................................................................................................. 1

Argument ............................................................................................................................ 3

    I.    The Exchange Act Provides That a Lead Plaintiff be Appointed for Claims Brought as a Class Action ...................................................................... 3

    II.    Oklahoma Should be Appointed the Lead Plaintiff for the Class ..................................................................................................... 5

        A.    Oklahoma Has Filed a Lead Plaintiff Motion .............................................. 5

        B.    Oklahoma Has the Requisite Financial Interest in the Relief Sought by the Class ...................................................... 5

        C.    Oklahoma Otherwise Satisfies Rule 23 ........................................................ 6

    III.    The Court Should Approve Plaintiffs' Choice of Counsel ....................................... 8

Conclusion ........................................................................................................................... 8

**TABLE OF AUTHORITIES**

|  | PAGE(S) |
|---|---|

**CASES**

*Andrews v. Bechtel Power Corp.*,
  780 F.2d 124 (1st Cir. 1985) ................................................................................................7

*Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*,
  No. 07-10528 (RWS) (S.D.N.Y. Aug. 11, 2008) ..................................................................8

*De La Fuente v. Stokely-Van Camp, Inc.*,
  713 F.2d 225 (7th Cir. 1983) ................................................................................................7

*Greebel v. FTP Software, Inc.*,
  939 F. Supp. 57 (D. Mass. 1996) .........................................................................................4

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992) ................................................................................................6

*In re Sonus Networks, Inc. Sec. Ltig.*,
  247 F.R.D. 244 (D. Mass. 2007) .........................................................................................7

*In re Tarragon Corp. Sec. Litig.*,
  No. 07-7972 (PKC), 2007 U.S. Dist. LEXIS 91418 (S.D.N.Y. Dec. 6, 2007) ....................8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216 F.R.D. 248 (S.D.N.Y. 2003) .........................................................................................6

**STATUTES AND RULES**

15 U.S.C. § 78u-4(a)(3) ...............................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ........................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .......................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................... 8

Fed. R. Civ. P. 23 ..................................................................................................................... 6-7

Private Securities Litigation Reform Act of 1995,
    Pub. L. No. 104-67, 109 Stat. 737 .................................................................................... 3

The Oklahoma Firefighters Pension and Retirement System ("Oklahoma" or the

"Plaintiff") respectfully submits this memorandum of law in support of its motion to: (i) appoint

Oklahoma as Lead Plaintiff; and (ii) approve Oklahoma's selection of the law firm of Abraham, Fruchter & Twersky, LLP, to serve as Lead Counsel.

**SUMMARY OF ACTION**

The above-captioned action (the "Action") was brought on behalf of all persons (the "Class") who purchased shares of Textron Inc. ("Textron" of the "Company") during the period from July 17, 2007 to January 29, 2009 (the "Class Period") against Textron, Lewis B. Campbell ("Campbell"), Textron's Chairman, President and Chief Executive Officer and Ted R. French, Textron's Executive Vice President and Chief Financial Officer (collectively, "Defendants"). The complaint in the Action alleges that Defendants damaged the purchasers of Textron stock by making materially false and misleading statements during the Class Period, which artificially inflated the price of Textron stock. Complaint ¶45.

Defendant Textron is a manufacturer of aircraft and industrial products, and offers financing through Textron Financial Corporation ("Textron Financial") to assist customers with buying the Company's products. Complaint ¶2. During the Class Period, Defendants made materially false and misleading statements regarding the Company's profitability by speaking about Textron's record backlog of unfilled customer orders for aircraft. Based on that backlog, Defendant Campbell promised during a January 2008 meeting with analysts that Textron would have "continued uninterrupted growth well into the next decade." Complaint ¶3. While Defendants emphasized the Company's growing backlog, they failed to reveal that the backlog of unfilled orders for the Company's Cessna Aircraft ("Cessna") was composed of customers who were either startups or financially distressed, and would not be able to take delivery of the aircraft. The Cessna backlog was also inflated by orders that were subject to deferral and cancellation. Complaint ¶6.

Defendants also did not disclose that by mid-2007, Textron Financial's asset-based lending business was being adversely affected by the sub-prime lending crisis and the material deterioration in the value of the assets. Textron Financial was incurring material losses in the fair market value of its finance receivables and other assets, which were omitted from or misrepresented in the Company's periodic reports of earnings and income. Complaint ¶¶4, 6.

The truth about Textron began to emerge on or about September 16, 2008 when analysts downgraded Textron from buy to hold because of deteriorating profit margins in its manufacturing segments and poor debt management at Textron Financial. Then, on October 16, 2008, Textron announced that it would downsize its finance unit by at least $2 billion by exiting certain lending, structured capital segments and product lines, leading to losses of $169 million for goodwill impairment. However, the financial assets of Textron Financial were still grossly overstated. The Company also announced $25 million in restructuring charges for layoffs and consolidation. Complaint ¶¶7, 9.

On December 22, 2008, Textron announced that plans were approved for Textron Financial to exit commercial lending activities, and that approximately $7.9 billion of Textron Financial's $11.4 billion in total financial assets were to be sold. The Company also announced that Textron Financial's managed receivables had degraded in value and would result in pre-tax charges of $250-300 million and require Textron to inject $600 million in capital to Textron Financial. The Company also announced further workforce reductions, bringing total restructuring costs to about $65 million. Complaint ¶10.

On January 29, 2009, the last day of the Class Period, Textron announced that an estimated $30 million of the $65 million in restructuring costs would be incurred by the Cessna

3

segment because of production cutbacks and layoffs.  Complaint ¶12.

The Company's stock price, which had declined after the analyst downgrade on September 16, 2008, and then after the October 16, 2008 and December 22, 2008 announcements, fell even further after the January 29, 2009 announcement.  The Company's stock price dropped $4.19 per share, or 31%, to close at $9.05 per share.  Complaint ¶¶7, 9, 11, 13.  Textron's stock price had reached a Class Period high of $70.69 per share on December 1, 2007.  Complaint ¶¶24-25.

## ARGUMENT

**I.   THE EXCHANGE ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION**

On December 22, 1995, Congress amended the Securities Exchange Act of 1934 (the "Exchange Act") by enacting the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) ("PSLRA").  Specifically, Section 21D(a)(3) of the Exchange Act provides that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3).

On August 13, 2009, a notice was published on *Business Wire* concerning the filing of this Action.  *See* Exhibit A to accompanying the Declaration of Raymond A. Marcaccio ("Marcaccio Decl.").  The notice advised members of the purported class of the pendency of the

action, the claims asserted, the purported class period and that anyone who wished to serve as lead plaintiff needed to make a motion to the Court no later than 60 days from the date of the notice. As a result, the notice satisfied all the requirements of the PSLRA. *See generally Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by purported class members to serve as lead plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

>   (aa)   has either filed the complaint or made a motion in the response to a notice . . .;
>
>   (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc)   otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

>   (aa)   will not fairly and adequately protect the interests of the class; and
>
>   (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## II.   OKLAHOMA SHOULD BE APPOINTED THE LEAD PLAINTIFF FOR THE CLASS

Oklahoma satisfies the prerequisites for appointment as lead plaintiff. It believes it has suffered the largest recoverable loss of any member or group of members who have filed a complaint or expressed a desire to serve as lead plaintiff. In addition, there are no deficiencies in its adequacy which would cause it to be an inappropriate choice to serve as Lead Plaintiff. Therefore, Oklahoma brings this motion for the purpose of securing its appointment as Lead Plaintiff in this Action and to obtain approval of its choice of Lead Counsel.

### A.  Oklahoma Has Filed A Lead Plaintiff Motion

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, Oklahoma is making such a motion, and by this motion Oklahoma satisfies the first prong of the most adequate plaintiff test.

### B.  Oklahoma Has The Requisite Financial Interest In The Relief Sought By The Class

The second prerequisite to being appointed a lead plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Oklahoma purchased 11,500 shares of Textron stock during the Class Period and has a loss of approximately $435,141.90 (*see* Plaintiff's Certification, attached as Exhibit B to the Marcaccio Decl.).[1] It believes this amount is the largest financial interest in the recovery sought in this action and, accordingly, it is presumed to be the most adequate lead plaintiff and should be

---

[1] Losses were calculated using the first-in-first-out ("FIFO") method. Under a last-in-first-out ("LIFO") analysis, Oklahoma had losses of approximately $333,083. *See* Marcaccio Decl., Ex. C.

appointed as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

      **C.**      **Oklahoma Otherwise Satisfies Rule 23**

The lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See, e.g.*, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citation omitted).  As detailed below, Oklahoma satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists if claims "arise[] from the same course of events" and are based on the same legal theories as to all class members.  *See*, *e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088

7

(1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (typicality satisfied despite factual distinctions between claims of named plaintiffs and class members).

Oklahoma satisfies this requirement because, just like all other members of the Class, it purchased shares of the Company's stock during the Class Period, in reliance on the allegedly material false and misleading statements and suffered losses when the truth was revealed. Thus, Oklahoma's claims are typical of those of other Class members because its claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of plaintiff to represent the class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class. In this Circuit adequacy depends on: (1) whether the named Plaintiff and his counsel have any conflicts of interest with other class members; and (2) whether the lead plaintiff's counsel is qualified, experienced and able to prosecute the action vigorously on behalf of the class. *In re Sonus Networks, Inc. Sec. Ltig.*, 247 F.R.D. 244, 249 (D. Mass. 2007) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Here, Oklahoma has no conflicts with the interests of the Class. It wants to obtain the maximum recovery for the Class so as to maximize its pro rata share of that recovery. Oklahoma and its counsel have also demonstrated that they will prosecute the claims of the Class vigorously by having executed a certification, acted to file this motion and seeking to assert

claims on behalf of the Class. In addition, as shown below, Oklahoma's proposed counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner. Thus, Plaintiff satisfies the adequacy requirements of Rule 23.

### III. THE COURT SHOULD APPROVE PLAINTIFF'S CHOICE OF COUNSEL

The Exchange Act provides that the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In that regard, Oklahoma has selected and retained Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel. Abraham, Fruchter & Twersky, LLP has the commitment and ability to accomplish the required tasks since it has extensive experience and is highly competent in prosecuting similar actions. *Accord, In re Tarragon Corp. Sec. Litig.*, No. 07-7972 (PKC), 2007 U.S. Dist. LEXIS 91418, at *7 (S.D.N.Y. Dec. 6, 2007) (appointing Abraham, Fruchter & Twersky, LLP as lead counsel); *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, No. 07-10528 (RWS), Dkt. No. 15 at 8 (S.D.N.Y. Aug. 11, 2008) (appointing Abraham, Fruchter & Twersky, LLP as co-lead counsel) (attached as Exhibit D to the Marcaccio Decl.). A brief firm biography is also submitted for the Court's convenience. *See* Marcaccio Decl. Exhibit E.

### CONCLUSION

In light of the foregoing, Oklahoma respectfully requests that the Court: (i) appoint Oklahoma as Lead Plaintiff; (ii) approve Oklahoma's selection of the law firm of Abraham, Fruchter & Twersky, LLP, to serve as Lead Counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: October 13, 2009

OLIVERIO & MARCACCIO, LLP

       /s/ Raymond A. Marcaccio
Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
Tel: (401) 861-2900
Fax: (401) 861-2922
ram@om-rilaw.com


**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky
Lawrence D. Levit
Ximena R. Skovron
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

**Certificate of Service**

   I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 13, 2009.

                 /s/ Raymond A. Marcaccio
                 Raymond A. Marcaccio