UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CITY OF ROSEVILLE EMPLOYEES'
RETIREMENT SYSTEM, on Behalf of Itself
and All Others Similarly Situated,
    Plaintiff,

v.                                        C.A. No. 09-00367-ML

TEXTRON INC., LEWIS B. CAMPBELL,
and TED R. FRENCH,
    Defendants.

## MEMORANDUM AND ORDER

Before the Court are two Motions for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel filed by plaintiffs who are members of the putative class.[1] One Motion was filed by Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters ("Inter-Local Pension Fund") and the other was filed collectively by Automotive Industries Pension Trust Fund ("Pension Trust Fund") and Employees' Retirement System of the Government of the Virgin Islands ("Employees' Retirement System"). Each movant claims to be the most "adequate" lead plaintiff. For the reasons set forth below, the Court appoints Pension Trust Fund as Lead Plaintiff and approves the selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

## I. OVERVIEW

One Lead Plaintiff motion was filed jointly by two separate and discrete entities – Pension Trust Fund and Employees' Retirement System, claiming an aggregated financial

---

[1] Oklahoma Firefighters' Pension initially filed a Motion for Appointment as Lead Plaintiff, but subsequently withdrew its request, acknowledging that it does not have the largest financial interest at stake. Oklahoma Firefighters' Pension Response to Competing Motions at 1.

1

interest of $3,879,190. Individually, Pension Trust Fund claims a financial interest of $2,316,231, and Employees' Retirement System claims a financial interest of $1,562,959. The other motion was filed by Inter-Local Pension Fund, claiming an individual financial interest of $1,386,050.

These Motions present an unusual situation, because Pension Trust Fund elected to aggregate its financial interests with Employees' Retirement System, even though it alone claims the largest individual financial interest in this litigation. Inter-Local Pension Fund argues that the aggregation of two unrelated groups leads to a "suboptimal result," and requests that the Court appoint it as Lead Plaintiff, despite having the smallest financial interest of the three remaining contenders. This Court must determine first whether the proposed aggregation is appropriate, and if not, which of the three remaining individual plaintiffs should be appointed Lead Plaintiff.

## II. ANALYSIS

This matter involves the designation of the lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members...." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides that

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under [this chapter] is the person or group of persons that -
>
>   (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, but only "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

There is no dispute that all relevant parties have filed timely and adequate motions pursuant to Section 78u-4(a)(3)(A)(i), nor is there any dispute that notice requirements of Section 21(D)(a)(3)(A)(I) of the PLSRA were satisfied. The threshold determination, therefore, is which party has the largest financial interest in the relief sought by the class.

The individual financial interests at stake are as follows – (1) Pension Trust Fund – $2,316,231; (2) Employees' Retirement System – $1,562,959; and (3) Inter-Local Pension Fund – $1,386,050. Even though Pension Trust Fund has the largest financial interest, it chose to aggregate its financial interest with that of the Employees' Retirement System, thus claiming a total financial interest of $3,879,190.

There is no dispute that the aggregated financial loss of Pension Trust Fund and Employees' Retirement System exceeds the financial loss of Inter-Local Pension Fund. Inter-Local Pension Fund contends, however, that it is the "most adequate plaintiff" under PSRLA, because allowing an artificial group of unrelated investors who have joined forces for the exclusive purpose of aggregating their losses to achieve lead plaintiff status would lead to a "suboptimal" result. Inter-Local Pension Fund's Reply at 2 (citing Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1068 (C.D. Cal. 1999)).

Indeed, nothing in the parties' submissions indicates that Pension Trust Fund and Employees' Retirement System had an existing relationship prior to the commencement of this action, or that their aggregation is anything but an attempt to create the highest possible financial interest under the PSLRA. Pension Trust Fund is located in California and Employees' Retirement System is located in the Virgin Islands. The only tie that binds them in this litigation is representation by the same law firm. The pertinent question is, therefore, whether these two unrelated groups should be permitted to aggregate for the purpose of lead plaintiff determination.

Courts are divided on whether the PSLRA allows for the aggregation of two or more unrelated parties to qualify as the lead plaintiff. "Some courts refuse to permit aggregation or allow very limited aggregation; some courts allow aggregation only among previously related individuals; some courts permit all possible aggregation." Friedman v. Quest Energy Partners LP, Civ. No. 08-936, 2009 U.S. Dist. LEXIS 87881, *20 (W.D. Okla. Sept. 24, 2009). Courts that allow such aggregation reach this result because the Act contains the language – the court "shall appoint as lead plaintiff the member or *members* of the purported plaintiff class." Yousefi, 70 F. Supp. 2d at 1069-70. This Court finds this textual analysis unavailing, however, because Congress may well have included the words "group" or "members" in contemplation of the appointment of multiple *related* plaintiffs that seek aggregation. See Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) (citing In re Telxon Corp. Securities Litigation, 67 F. Supp. 2d 803, 813 (N.D. Ohio 1999) (contrasting "group" with a "melange of unrelated persons)).

Courts that do not permit aggregation have determined that allowing the aggregation of unrelated plaintiffs to serve as lead plaintiff defeats the purpose of the PSLRA, because the

PSLRA was intended to ensure that "institutional plaintiffs with expertise in the securities market ... would control the litigation, not lawyers." In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997); see also In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d at 813 ("The context and structure of the PSLRA evince an intent that a group consist of more than a mere assemblage of unrelated persons who share nothing in common *other than* the twin fortuities that (1) they suffered losses and (2) they entered into retainer agreements with the same attorney or attorneys.") These courts reason that Congress intended the Act to "mitigate abusive litigation tactics" rather than serving as an "antidotal measure." Yousefi, 70 F. Supp. 2d at 1068.

While the First Circuit has yet to decide whether aggregation of unrelated parties is appropriate, some courts within this circuit have allowed unrelated parties to aggregate for the purpose of the lead plaintiff determination. In Re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 44 (D. Mass. 2001); see also In re Carematrix Sec. Litig., C.A. No. 99-12318, slip op. at 17 (D. Mass. 2000) (allowing two unrelated parties to serve as lead plaintiffs). The case law is clear, however, that the trial court has the discretion to decide whether to allow a lead plaintiff group to aggregate. In Re Lernout, 138 F. Supp. 2d at 44. "[A] Court should not blindly aggregate the losses of unrelated plaintiffs to confer lead plaintiff status on a group without first considering whether the grouping is sufficiently coherent to control the litigation." Id.

This Court declines to accept Pension Trust Fund and Employees' Retirement Systems' attempted aggregation. Allowing these plaintiffs to aggregate into an artificial group would frustrate the PSLRA's goal of restoring plaintiffs' control over lawsuits. This decision, however, does not end the inquiry, since the Court must designate one of the three moving plaintiffs as lead plaintiff.

Inter-Local Pension Fund argues that it should be appointed lead plaintiff, despite having the smallest financial interest at stake, because both Pension Trust Fund and Employees' Retirement Systems chose to aggregate, and did not individually file Motions for Appointment as Lead Plaintiff. This Court disagrees. Pension Trust Fund has alleged $2,316,231 in financial loss, which is by far the most significant financial stake, even without aggregation.

Pension Trust fund not only has the largest individual financial interest at stake, but also "otherwise satisfies the requirements of Rule 23 of the Federal Rules Civil Procedure," in that it's claims are typical of the claims of the class and it will "fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); (B)(iii)(II)(bb); Fed. R. Civ. P. 23(a). Pension Trust Fund is presumptively the most adequate plaintiff under the PSLRA, and nothing before the Court rebuts that conclusion. Accordingly, the Court appoints Pension Trust Fund as Lead Plaintiff.

The remaining issue is whether the Pension Trust Funds' counsel, Coughlin Stoia Geller Rudman & Robbins LLP, should be appointed as lead counsel for the class. The PSLRA vests authority in the lead plaintiff to select counsel that represents the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel should not be disturbed unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). This Court finds no reason to disturb Pension Trust Fund's choice of counsel. Accordingly, the Court appoints Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel.

### III. CONCLUSION

For the reasons set forth above, the Court appoints Automotive Industries Pension Trust Fund as Lead Plaintiff and approves the selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

SO ORDERED.

*Mary M. Lisi*
Mary M. Lisi
Chief United States District Judge
December 4, 2009